```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHRISTINA KIZER,

                    Plaintiff,

          -against-                            MEMORANDUM & ORDER
                                               12-CV-5387(JS)(AKT)
ABERCROMBIE & FITCH CO.,
ABERCROMBIE & FITCH STORES, INC.,
And ABERCROMBIE & FITCH TRADING CO.,
d/b/a ABERCROMBIE AND FITCH, d/b/a
HOLLISTER AND RUEHL,

                    Defendants.
----------------------------------------X
```

SEYBERT, District Judge:

Pending before the Court is Defendants Abercrombie and Fitch, and Hollister and Ruehl's ("Defendants") motion to dismiss Plaintiff's Amended Complaint for failure to prosecute (Docket Entry 33); Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R") recommending that the motion be denied, but that Plaintiff Christina Kizer ("Plaintiff") be sanctioned for failing to comply with the Court's discovery orders (R&R, Docket Entry 40); and Defendants' Objections to Judge Tomlinson's R&R, (Defs.' Objections, Docket Entry 43).  For the reasons that follow, Judge Tomlinson's R&R is adopted, and Defendants are granted leave to file an application requesting reasonable attorney fees and costs.

1

BACKGROUND

Plaintiff commenced this action on October 24, 2012 arguing that Defendant discriminated against Plaintiff pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law, and the New York City Human Rights Law, and that Defendants failed to pay her overtime and spread of hours pay in violation of the Fair Labor Standards Act, and the New York Labor Law.  (See generally, Am. Compl., Docket Entry 7; R&R at 1.)

Defendants filed a motion to dismiss on December 2, 2015, alleging that Plaintiff's case should be dismissed for failure to prosecute because of her failure to comply with multiple discovery orders.  (Defs.' Br., Docket Entry 33, at 1.)  On December 11, 2015, the undersigned referred Defendants' motion to Judge Tomlinson for an R&R on whether the motion should be granted, (Docket Entry 36), and Judge Tomlinson issued her R&R on August 5, 2016.  In her R&R, Judge Tomlinson recommends that Defendants' motion be denied, but that the Court sanction Plaintiff by precluding her from offering her expert's report in support of her case. (R&R at 22.)  Judge Tomlinson reasoned that dismissal would be an excessive punishment for Plaintiff's violations, but that Plaintiff's track record of "anemic abidance" with Discovery/Scheduling Orders warranted a lesser sanction. (See R&R at 18.)

2

Defendants filed Objections to Judge Tomlinson's R&R on August 22, 2016, arguing that (1) Plaintiff's counsel should be ordered to pay reasonable expenses and attorneys' fees incurred as a result of Plaintiff's failures to comply with the Court's orders, and (2) Plaintiff should be notified that any further delays or non-compliance will result in dismissal of this action. (Objections at 1-2.) (Defs.' Objections, Docket Entry 43, at 1-2.)

DISCUSSION

The Court will first address the standard of review before turning to Plaintiff's Objections specifically.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of receiving the recommended disposition. See Fed. R. Civ. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). A party

3

that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

## II. Reasonable Expenses

Federal Rule of Civil Procedure 37(b)(2)(A) allows a court to impose sanctions on a party that disobeys discovery orders. In addition, Federal Rule of Civil Procedure 37(b)(2)(C) provides that, instead of or in addition to imposing sanctions for

4

a party's failure to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C) (emphasis added). Although the Second Circuit has never explicitly held that the payment of expenses pursuant to Rule 37(b)(2)(C) is mandatory, the burden is on the violator to show that there was a substantial justification for the violation, or that circumstances would make it unjust to award reasonable expenses to the moving party. See Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d Cir. 2008) ("The use of the word 'shall' certainly suggests that an award of expenses is mandatory unless one of the two exceptions--substantial justification or other circumstances--applies."); Commodity Futures Trading Comm'n v. Royal Bank of Can., No. 12-CV-2497, 2014 WL 1259773, at *1 (S.D.N.Y. Mar. 28, 2014) (explaining that the court is not required to consider "the willfulness of [the disobedient party's] conduct" when awarding expenses under Rule 37(b)(2)(C)).

Judge Tomlinson did not recommend that Plaintiff's counsel pay any fees and costs caused by Plaintiff's failure to comply with the Court's discovery orders. However, Defendants also did not provide the Court with any information upon which

5

such an award could be calculated. Defendants' request for fees and costs is therefore DENIED WITHOUT PREJUDICE. However, Plaintiff may submit a properly supported fee application pursuant to Rule 37. The application must include an attorney declaration attaching contemporaneous time records, as well as legal support for the fees sought.

III. Issuing a Warning

Defendants also ask the Court to warn Plaintiff's counsel that any further delays or noncompliance with the Court's orders will result in dismissal. Although Judge Tomlinson did not explicitly warn Plaintiff's counsel that any future noncompliance will not be tolerated, the Court finds that Judge Tomlinson's recommendation that the Court strike Plaintiff's expert report provides an implicit warning. The undersigned therefore need not supplement Judge Tomlinson's determination any further.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the foregoing reasons, Judge Tomlinsons' R&R (Docket Entry 40) is ADOPTED IN ITS ENTIRETY, Defendants' motion to dismiss (Docket Entry 33) is DENIED, and Plaintiff is precluded from offering her expert report in support of her claims.  In addition, Defendants may file a properly supported fee application consistent with this Order.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  23 , 2016
         Central Islip, New York