```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHRISTINA KIZER,
                                           MEMORANDUM & ORDER
                                           12-CV-5387(JS)(AKT)
                    Plaintiff,

        -against-

ABERCROMBIE & FITCH CO., ABERCROMBIE
& FITCH STORES, INC., ABERCROMBIE
& FITCH TRADING CO., d/b/a Abercrombie
and Fitch, d/b/a Hollister and Ruehl,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Robert D. Salaman, Esq.
                    Zafer Adem Akin, Esq.
                    Emre Polat, Esq.
                    Akin Law Group PLLC
                    45 Broadway, Suite 2650
                    New York, NY 10006

For Defendants:     Barbara Vita Cusumano, Esq.
                    Bond Schoeneck & King PLLC
                    600 Third Avenue, 22nd Floor
                    New York, NY 10016

                    Hilary L. McHugh, Esq.
                    Bond, Schoeneck & King
                    1399 Franklin Ave, Suite 200
                    Garden City, NY 11530

                    Thomas McCormick, Esq.
                    Tyler Pensyl, Esq.
                    Vorys, Sater, Seymour and Pease LLP
                    52 East Gay Street
                    Columbus, OH 43216
```

SEYBERT, District Judge:

Pending before the Court are: (1) Abercrombie & Fitch Company, Abercrombie & Fitch Stores, Incorporated, and Abercrombie

& Fitch Trading Company's (collectively "Defendants") motion for attorneys' fees and costs (Fee Mot., Docket Entry 47) and (2) Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R") (R&R, Docket Entry 51) recommending that this Court grant Defendants' motion in part and deny it in part. Specifically, Judge Tomlinson recommends that the Court award Defendants $12,225.00 in attorneys' fees and $81.12 in costs incurred as a result of Plaintiff's failure to comply with discovery orders. (R&R at 34.) For the following reasons, the Court ADOPTS Judge Tomlinson's R&R in its entirety.

BACKGROUND

Defendants removed this employment discrimination and wage and hour action to this Court on October 24, 2012. (Notice of Removal, Docket Entry 1.) The Amended Complaint alleges that Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, New York State Human Rights Law, and New York City Human Rights Law and failed to pay the overtime wages and spread of hours pay required by the Fair Labor Standards Act and the New York Labor Law. (Am. Compl., Docket Entry 7, ¶¶ 1-2.)

On December 2, 2015, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), arguing that Plaintiff had failed to diligently prosecute the action and failed to comply with court orders. (Mot. to Dismiss, Docket Entry 33.)

The motion was referred to Judge Tomlinson, and on August 5, 2016, Judge Tomlinson recommended that the motion to dismiss be denied. 2016 R&R, Docket Entry 40, at 22.)  However, in light of counsel's conduct, she recommended that the Court issue an order precluding Plaintiff from offering an expert report to support her claims. (2016 R&R at 22.)  On September 23, 2016, this Court adopted Judge Tomlinson's Report and Recommendation in its entirety. (Mem. & Order, Docket Entry 46.)  Further, the undersigned granted Defendants leave to file a motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).  (Order at 4-6.)

On October 12, 2016, Defendants filed their motion for attorneys' fees and costs.  On April 12, 2017, the undersigned referred the motion to Judge Tomlinson for a Report and Recommendation on whether the motion should be granted, and if necessary, to determine the appropriate amount of fees and costs to be awarded.  (Referral Order, Docket Entry 50.)

### The R&R

On July 24, 2017, Judge Tomlinson issued her R&R recommending that the Court award Defendants $12,225.00 in attorneys' fees and $81.12 in costs.  (R&R at 34.)  Defendants initially sought $17,666.50 in attorneys' fees for 49.7 hours of work by two attorneys of Vorys, Sater, Seymour and Pease LLP-- Thomas McCormick ("McCormick") and Tyler Pensyl ("Pensyl").  (R&R

3

at 12-13.) However, Judge Tomlinson found that the requested hourly rates were unreasonable. (R&R at 17-18.) Accordingly, she recommends reduced hourly rates of $350.00 for McCormick and $300.00 for Pensyl. (R&R at 17-18.) Additionally, Judge Tomlinson found 49.7 hours to be excessive and recommends that the number of hours be reduced by 25 percent. (R&R at 23, 28.) As for costs, Judge Tomlinson reasoned that Defendants were not entitled to recover expenses for travel when local counsel could have appeared for court conferences. (R&R at 33-34.) As a result, she recommends that the costs award be limited to $81.12 for the cost of a transcript. (R&R at 34.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

4

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Tomlinson's R&R (Docket Entry 51) is ADOPTED in its entirety. Defendants' motion for attorneys' fees and costs (Docket Entry 47) is GRANTED IN PART and DENIED IN PART. Specifically, Defendants are awarded $12,225.00 in fees and $81.12 in costs. The parties are directed to file a status report within fourteen (14) days of the date of this Memorandum and Order outlining the outstanding discovery items, along with proposed deadlines for the completion of discovery (if necessary), the commencement of dispositive motion practice and the filing of the pre-trial order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   9  , 2017
       Central Islip, New York